E-FILED
Monday, 30 September, 2019  10:09:20 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| RORY C. MAYNOR, )<br>)<br>   Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>   Respondent. ) | Case No. 16-3179 |

## OPINION

RICHARD MILLS, United States District Judge:

Pending is Motion of Petitioner Rory C. Maynor to Vacate Sentence Under 28 U.S.C. § 2255.

Following a guilty plea to the manufacture of a mixture or substance containing methamphetamine, the Petitioner was sentenced to 188 months in the custody of the Bureau of Prisons followed by six years of supervised release. *See United States v. Rory C. Maynor*, Case No. 10-30003.

At sentencing, the Petitioner was determined to be a career offender based on prior convictions for aggravated battery and attempted possession of methamphetamine manufacturing materials. The aggravated battery conviction was determined to be a "crime of violence" pursuant to the career offender residual clause, U.S.S.G. § 4B1.2(a).

1

The Petitioner sought habeas relief after the Supreme Court determined that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(3e)(2)(B)(ii), was unconstitutionally vague. *See Johnson v. United States*, 135 S. Ct. 2551, 2555-60 (2015). The following year, the Court held that the rule in *Johnson* is retroactive to cases on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). Following the decisions in *Johnson* and *Welch*, the status of the identically worded career offender residual clause was uncertain.

In *Beckles v. United States*, 137 S. Ct. 886 (2017), the Supreme Court held that the advisory Sentencing Guidelines are not subject to vagueness challenges and, therefore, the post-*Booker* advisory version of § 4B1.2(a)'s residual clause is not void for vagueness. *See id*. at 893-95. Because the Petitioner was sentenced under the advisory Sentencing Guidelines, the Court concludes he is entitled to no relief.

Accordingly, the Petitioner was properly sentenced as a career offender and therefore is entitled to no relief on the merits.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability. Upon reviewing the entire record, the Court concludes that the Petitioner has not made a substantial showing of the denial of a constitutional right as required under 28 U.S.C. § 2253(c)(2). Accordingly, the Court will deny a certificate of appealability.

Ergo, the Motion of Petitioner Rory C. Maynor to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [d/e 1] is DENIED.

Because the Petitioner has not made a substantial showing of the denial of a constitutional right, the Court hereby denies the Petitioner a certificate of appealability under Rule 11(a).

The Petitioner may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

ENTER: September 27, 2019

FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge